D5OHKATC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                  New York, N.Y.

         v.                                13 Cr. 368 (DLC)

VLADIMIR KATZ, et al.,

              Defendants.

------------------------------x
                                           May 24, 2013
                                           5:05 p.m.

Before:

              HON. DENISE L. COTE,

                                           District Judge

                    APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  SERRIN TURNER
     Assistant United States Attorney

CHRISTOPHER FLOOD
     Attorney for Vladimir Katz

MARLON G. KIRTON
     Attorney for Defendant Mark Marmilev
```

1               (In open court)
2               THE DEPUTY CLERK:  United States of America v.
3    Vladimir Katz and others.  Is the government ready to proceed?
4               MR. TURNER:  Yes, your Honor.  Good afternoon.  Serrin
5    Turner for the government.  With me at counsel's table is Kevin
6    Mosley, from the asset forfeiture and money laundering section
7    of the Department of Justice.
8               THE COURT:  For the defendant Vladimir Katz, are you
9    ready to proceed?
10              MR. FLOOD:  Yes, your Honor.  Good afternoon.
11   Christopher Flood, Federal Defenders of New York, on behalf of
12   Mr. Katz, who is seated to my right.
13              THE COURT:  For the defendant Mark Marmilev, are you
14   ready to proceed?
15              MR. KIRTON:  For Mr. Marmilev, Marlon Kirton.  Good
16   afternoon, your Honor.  Yes, we are ready.
17              THE COURT:  Thank you.
18              I will take a report from you, Mr. Turner.
19              MR. TURNER:  Your Honor, the defendants were arrested
20   this morning.  Mr. Katz was arrested around 10 a.m. this
21   morning and Mr. Marmilev was arrested around noon.
22              THE COURT:  So they need to be arraigned on the
23   indictment.
24              MR. TURNER:  Correct, your Honor, and presented, yes.
25              Just for the record, the Israeli consulate has been

1  notified of Mr. Marmilev's arrest.
2            THE COURT:  Thank you.  So let's begin with that.  I
3  would like both defendants please to stand.
4            Let me ask you, Mr. Flood, does your client need the
5  services of an interpreter?
6            MR. FLOOD:  No, your Honor, he does not.
7            THE COURT:  Mr. Kirton, does your client need the
8  services of an interpreter?
9            MR. KIRTON:  No, your Honor.
10           THE COURT:  Thank you.
11           So I want to advise both defendants of certain rights
12 that they have.  You have been indicted on an indictment that
13 bears the number 13 Cr. 368.  You have the right to remain
14 silent.  You are not required to make any statement.  Anything
15 you do say can be used against you.  Even if you have made any
16 statements to the authorities, you need not make any further
17 statements
18           Do you understand that, Mr. Katz?
19           DEFENDANT KATZ:  Yes, your Honor.
20           THE COURT:  Do you understand that, Mr. Marmilev?
21           DEFENDANT MARMILEV:  Yes, your Honor.
22           THE COURT:  You have the right to be represented by
23 counsel during this court proceeding, any future court
24 proceedings, and any time you are questioned by the
25 authorities.  If you cannot afford an attorney, an attorney

D5OHKATC

1   will be appointed to represent you.  I believe that has already
2   happened for both of you today.
3              Do you understand what I have said to you, Mr. Katz?
4              DEFENDANT KATZ:  Yes, your Honor.
5              THE COURT:  Do you understand, Mr. Marmilev?
6              DEFENDANT MARMILEV:  Yes, your Honor.
7              THE COURT:  Now, I am going to ask you three
8   questions:  Have you received a copy of the indictment; do you
9   wish me to read it to you; how do you plead, guilty or not
10  guilty.
11             Mr. Katz, have you received a copy of the indictment?
12             DEFENDANT KATZ:  Yes, your Honor.
13             THE COURT:  Do you wish me to read it to you?
14             DEFENDANT KATZ:  No, your Honor.
15             THE COURT:  How do you plead?  Guilty or not guilty?
16             DEFENDANT KATZ:  Not guilty, your Honor.
17             THE COURT:  You may be seated.
18             Mr. Marmilev, have you received a copy of the
19  indictment?
20             DEFENDANT MARMILEV:  Yes, your Honor.
21             THE COURT:  Do you wish me to read it to you?
22             DEFENDANT MARMILEV:  No.  No, your Honor.
23             THE COURT:  How do you plead?  Guilty or not guilty?
24             DEFENDANT MARMILEV:  Not guilty.
25             THE COURT:  Thank you.  You may be seated.

1               Now, Mr. Turner, what is your plan with respect to
2     making discovery in this case?
3               MR. TURNER:  Your Honor, the discovery is quite
4     voluminous.  I think the government would need at least three
5     to four weeks to assemble it all.  There are more than 30
6     e-mail accounts that were searched in this case.  There were
7     multiple wiretaps conducted and many, many bank accounts that
8     were searched.  So we would ask for three weeks to produce
9     those materials.
10              THE COURT:  I will give you until June 21 to make
11    discovery.
12              Now I note that there are multiple defendants here.
13    It is usually my practice to set a trial schedule at this
14    initial conference.  That may not be appropriate at this time.
15    Is there a date that you think that we should set this over for
16    another conference?
17              MR. TURNER:  Yes, your Honor.  Perhaps six weeks from
18    today, after the defendants have had a chance to review some of
19    the discovery.  At that point we could reconvene and discuss
20    motions but also discuss, your Honor, the status of the
21    remaining defendants.
22              THE COURT:  OK.  When do you expect other defendants
23    to be in this district?
24              MR. TURNER:  The problem is, your Honor, they all have
25    to undergo extradition proceedings unless they waive.  So the

1    government does not anticipate knowing which defendants are
2    going to waive any time soon.  However, if some do waive and
3    arrive within the next six weeks, certainly there would be
4    presentment and arraignment at that point.  But absent that, I
5    think in this case with these defendants we could set a status
6    conference for six weeks from now and at that point the
7    government could also apprise your Honor of the status of the
8    defendants who need to be extradited, whether they are going to
9    waive extradition or whether it is going to be some time before
10   the defendants are brought to this district.
11           THE COURT:  Ms. Rojas will give us a conference date
12   about six weeks from now.
13           THE DEPUTY CLERK:  Friday, August 9th, at 10:30 a.m.
14           (Pause)
15           THE COURT:  Mr. Flood and Mr. Kirton, I am going to
16   suggest really a date further out than six weeks from today.
17   Ms. Rojas suggested August 9th and I think that might make
18   sense.  If anyone wants an earlier conference, at which time I
19   would set a trial date, of course I would accommodate that
20   request.  Mr. Flood.
21           MR. FLOOD:  No, your Honor.  I think August 9th is
22   ideal.
23           THE COURT:  Mr. Kirton.
24           MR. KIRTON:  That's fine, your Honor.
25           THE COURT:  Good.  So we will ask Ms. Rojas to repeat

1    the date and time.
2             THE DEPUTY CLERK:  August 9th at 10:30 a.m.
3             THE COURT:  So on August 9th I hope to be in a
4    position to address the schedule in this case in more detail,
5    and of course on this schedule defense counsel will have had a
6    chance to receive discovery material and look at it and have
7    some thoughts about the schedule they would like, and feel free
8    to talk with the government in advance of the August 9th
9    conference in that regard.
10            Let's address the issue of an exclusion of time.  Any
11   objection to excluding time until August 9th?
12            MR. FLOOD:  Not on Mr. Katz's behalf, your Honor.
13            MR. KIRTON:  No, your Honor.
14            THE COURT:  I am going to exclude time from today
15   until August 9th pursuant to Title 18, United States Code,
16   Section 3161(h)(7)(A), finding it is in the interests of
17   justice and outweighs the best interests of the public and the
18   defendants in a speedy trial.  It will permit discovery to be
19   made and initially evaluated.  It will also permit some time to
20   see whether codefendants who are undergoing extradition
21   proceedings will have arrived in the district or get a better
22   handle on when their expected date of arrival might be and put
23   us all in a better position to set a schedule.
24            So let's address the issue of bail.  I know that
25   counsel have just met their clients today.  I am informed by my

1    deputy that the government seeks detention for both defendants.

2              Am I right, Mr. Turner?

3              MR. TURNER:  Yes.  Correct, your Honor.

4              THE COURT:  I am happy to hear argument from counsel

5    today, but I am also happy to hold the defendants until defense

6    counsel are in a better position to make an argument about bail

7    and see you next week, if that is your preference.

8              MR. FLOOD:  Yes, your Honor.  Thank you.  I had made

9    as many efforts as we could to be ready for a bail argument

10   today and we are not going to be prepared to go forward today.

11   What I would request on Mr. Katz's behalf is to consent to

12   detention for now without prejudice to a future application.

13   But I actually want to do some speaking with Mr. Katz's family

14   before I can identify when we would be prepared.  So I will

15   contact chambers with regard to any future requests for a bail

16   hearing.

17             THE COURT:  Good.  I am available in the coming weeks.

18   So at any time that is convenient for counsel, I will make sure

19   to make myself available, at least on that day.  Maybe not at

20   the preferred hour, but there won't be much delay.

21             MR. FLOOD:  Of course.

22             THE COURT:  So I have endorsed the order of detention

23   for Mr. Katz with the following:  On consent, without prejudice

24   to future application.

25             MR. FLOOD:  Thank you, your Honor.

1             THE COURT:  Mr. Kirton.

2             MR. KIRTON:  Your Honor, I would like to set a

3    detention hearing for Wednesday, May 29th.  I am going to

4    consent to detention today and request a bail hearing for that

5    particular day.

6             THE COURT:  Fine.

7             MR. KIRTON:  I have some information regarding bail

8    but not enough to present an adequate package to the court

9    today.  My client's wife is in court.  My client's aunt is in

10   court.  But I suspect I am going to need more cosigners than

11   two.  I note that the Pretrial Services report does not

12   recommend my client for bail and therefore I am going to need

13   some time to gather the information necessary to present a

14   package to the court.

15            THE COURT:  Great.  So we will tentatively set this

16   bail hearing for next week.

17            Ms. Rojas.

18            THE DEPUTY CLERK:  Wednesday, May 29th, at 1 p.m.

19            THE COURT:  But if, Mr. Kirton, between now and then

20   you decide you would like some more time, just let the

21   government know and call Ms. Rojas and we will be happy to

22   accommodate your request.

23            MR. KIRTON:  Thank you.

24            THE COURT:  Yes.  So I am signing this order of

25   detention for Mr. Marmilev on consent without prejudice to

1    application and detaining him as a result today.
2             Mr. Turner, is there anything else we need to do?
3             MR. TURNER:  Not from the government, your Honor.
4             THE COURT:  Mr. Flood.
5             MR. FLOOD:  No, your Honor.  Thank you.
6             THE COURT:  Mr. Kirton.
7             MR. KIRTON:  Just one matter.  I would note that the
8    Pretrial Services report says that my client is on medication
9    for, I believe, high blood pressure.  So I am just going to ask
10   the court to note that for the Bureau of Prisons, that he
11   should receive whatever medical treatment he needs to deal with
12   his high blood pressure.  Other than that, nothing further.
13            THE COURT:  Does your client, Mr. Kirton, know the
14   name of the medication or the dosage?
15            MR. KIRTON:  Just one moment, your Honor.
16            (Pause)
17            MR. KIRTON:  Your Honor, it is called Ramipril.
18            THE COURT:  You can spell that.
19            MR. KIRTON:  R-A-M-I-P-R-I-L, and each pill is 5
20   milligrams.
21            THE COURT:  How many times a day?
22            MR. KIRTON:  Once per day.
23            THE COURT:  R-A-M-I-P-R-E-L?
24            MR. KIRTON:  R-A-M-I-P-R-I-L.  There is a notation on
25   the bottom that says generic for, and it has another one,

1  A-L-T-A-C-E.  So Ramipril is the generic form of Altace
2  medication.
3          THE COURT:  Fine.  I have signed a medical attention
4  form regarding this that we will provide to the marshals.
5          MR. FLOOD:  Your Honor, sorry.  It was an oversight.
6  On Mr. Katz's behalf, same condition, high blood pressure,
7  different medications.  Ours is Hyzaar.  H-Y-Z-A-A-R.  The
8  agents provided us with this actual bottle.  It is 50
9  milligrams once per day.
10         THE COURT:  I have signed a medical attention form for
11 Mr. Katz as well which we will provide to the marshals.
12         MR. FLOOD:  Thank you, your Honor.
13         THE COURT:  Thank you, all.
14         (Adjourned)