UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :
         - v. -                   :
                                  :  POST-INDICTMENT RESTRAINING
LIBERTY RESERVE S.A.,             :  ORDER PURSUANT TO
ARTHUR BUDOVSKY,                  :  21 U.S.C. § 853(e)
    a/k/a "Arthur Belanchuk,"     :
    a/k/a "Eric Paltz,"           :
VLADIMIR KATS,                    :  13 Cr. 368 (DLC)
    a/k/a "Ragnar,"               :
AHMED YASSINE ABDELGHANI,         :
    a/k/a "Alex,"                 :
ALLAN ESTEBAN HIDALGO JIMENEZ,    :
    a/k/a "Allan Garcia,"         :     USDC SDNY
AZZEDDINE EL AMINE,               :     DOCUMENT
MARK MARMILEV,                    :     ELECTRONICALLY
    a/k/a "Marko,"                :     DOC #:
    a/k/a "Mark Halls," and       :     DATE FILED  10-3-2013
MAXIM CHUKHAREV,                  :
                                  :
         Defendants.              :
                                  :
- - - - - - - - - - - - - - - - - x

**WHEREAS,** on May 20, 2013, LIBERTY RESERVE, ARTHUR BUDOVSKY, a/k/a "Arthur Belanchuk," a/k/a "Eric Paltz," VLADIMIR KATS, a/k/a "Ragnar," AHMED YASSINE ABDELGHANI, a/k/a "Alex," ALLAN ESTEBAN HIDALGO JIMENEZ, a/k/a "Allan Garcia," AZZEDDINE EL AMINE, MARK MARMILEV, a/k/a "Marko," and MAXIM CHUKHAREV, (the "Defendants"), were charged in a three-count Indictment, 13 Cr. 368 (DLC) (the "Indictment"), with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count One); conspiracy to operate

1

an unlicensed money transmitting business, in violation of 18 U.S.C. § 371 (Count 2); and operation of an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960(b)(1)(B) and 1960(b)(1)(C) (Count Three);

**WHEREAS**, the Indictment included forfeiture allegations providing notice that, as a result of committing Counts One and Three as alleged in the Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the offenses alleged in Counts One and Three, and all property traceable to such property;

**WHEREAS**, on or about October 3, 2013, the United States filed a Forfeiture Bill of Particulars that gave notice that the funds on deposit in the following accounts were subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1):

    a.    Accounts numbered 240-01-619816-01 and 240-07-619816-01, held in the name of Milomeri Ltd. at Hellenic Bank in the country of Cyprus;

    b.    Accounts numbered 240-01-619815-01 and 240-07-619815-01, held in the name of Masfiloti Ltd. at Hellenic Bank in the country of Cyprus;

    c.    Accounts numbered 240-01-569416-01 and 240-07-569416-01, held in the name of Palodia Ltd. at Hellenic Bank in the country of Cyprus;

    d.    Accounts numbered 240-01-577867-01 and 240-07-577867-01, held in the name of Gardinia Ltd. at Hellenic Bank in the country of Cyprus; and

      e.    Account numbered 240-01-575911-01, held in the name of Lorys Ltd. at Hellenic Bank in the country of Cyprus;

(the "Subject Accounts").

**WHEREAS**, pursuant to 21 U.S.C. § 853(e)(1)(A), the court may enter a restraining order or take any other action to preserve the availability of property for forfeiture, upon the filing of an indictment charging a violation for which criminal forfeiture may be ordered and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture;

**WHEREAS,** upon the sealed application of PREET BHARARA, United States Attorney for the Southern District of New York, by Christine I. Magdo, Assistant United States Attorney, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(e)(1)(a) (the "Application"); the declaration of Special Agent Tate A. Jarrow of the United States Secret Service (the "Jarrow Declaration"); and all papers submitted in support thereof, I find probable cause to believe the Subject Accounts constitute or were derived from property involved in one or more of the offenses alleged in the Indictment, and are subject to forfeiture;

**IT IS HEREBY ORDERED**, that the Defendants, and all attorneys and other persons and entities acting for or in concert

with the Defendants, businesses and/or entities having actual knowledge of this Order shall not take any action prohibited by this Order;

**IT IS FURTHER ORDERED** that the Defendants, their attorneys, agents, employees and anyone acting on their behalf, and all persons or entities acting in concert or participation with any of the above, all relevant financial institutions, and all persons and entities having actual knowledge of this Order, shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of property or other interests belonging to, or owed to, or controlled in whole or in part by the defendants, which property or other interests are subject to forfeiture. The property and other interests hereby restrained include, but are not limited to, the Subject Account, for all of which there is probable cause to believe that they are property that is involved in money laundering or operation of an unlicensed money transmitting business, or traceable to such property;

**IT IS FURTHER ORDERED** that this Restraining Order shall be binding upon the Defendants, their attorneys, agents, and

4

employees, and all persons in active concert or participation with any of the above, all financial institutions described herein, or any other person having actual knowledge of this Order, and that this Order shall remain in effect until further order of this Court;

**IT IS FURTHER ORDERED** that upon request by the Government, the above identified financial institutions will identify the account names, account numbers and signatories for the restrained accounts and provide the Government with monthly statements of the restrained accounts and the balances in the accounts;

**IT IS FURTHER ORDERED** that any financial institution named herein shall accept service of this Order by email or facsimile transmission provided that an original hard copy is thereafter served by regular mail;

**IT IS FURTHER ORDERED** that service of a copy of this Order shall be made on the Defendants' attorneys by regular mail;

**IT IS HEREBY FINALLY ORDERED** that the Application and the Declaration of Special Agent Tate Jarrow remain under seal until further order of this Court, except that the United States Attorney's Office for the Southern District of New York may obtain and disseminate copies of the Application and the Declaration as necessary to execute this Order.

Dated:   New York, New York
         October 3, 2013

SO ORDERED:

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK