```
 1    D890KATC                      Conference

 2    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 3    ------------------------------x

 4    UNITED STATES OF AMERICA,

 5               v.                             13 CR 368

 6    VLADIMIR KATZ, a/k/a "RAGNAR,
      MARK MARMILEV, a/k/a "MARKO,
 7    a/k/a "MARK HALLS,

 8                    Defendant.

 9    ------------------------------x
                                                New York, N.Y.
10                                              August 9, 2013
                                                10:35 A.M.
11

12

13
      Before:
14
                         HON. DENISE COTE,
15
                                           District Judge
16

17                            APPEARANCES

18    PREET BHARARA
           United States Attorney for the
19         Southern District of New York
      ANDREW D. GOLDSTEIN
20    CHRISTINE MAGDO
      Assistant United States Attorney
21
      FEDERAL DEFENDERS OF NEW YORK?
22    BY:  CHRISTOPHER FLOOD
      Attorneys for Defendant Katz
23

24    SETH GINSBERG
      Attorney for Defendant
25    JAMES FROCCARO, JR. (Outgoing counsel)
```

1         THE DEPUTY CLERK:  Please be seated.
2             United States v. Katz and others.
3             Is the government ready to proceed?
4         MR. GOLDSTEIN:  We are.  Good morning, your Honor,
5   Andrew Goldstein for the government.  And with me at counsel
6   table is Assistant U.S. Attorney Christine Magdo, and Special
7   Assistant U.S. Attorney for this matter, Kevin Mosely, who is a
8   trial attorney at the Department of Justice, Asset Forfeiture
9   and Money Laundering section.
10         THE DEPUTY CLERK:  For Defendant Vladimir Katz.
11         MR. FLOOD:  Christopher Flood, for Federal Defenders
12   on behalf of Mr. Katz who is present and seated to my right.
13         THE DEPUTY CLERK:  For defendant Mark Marmilev.
14         MR. GINSBERG:  Seth Ginsberg for Mark Marmilev, seated
15   to my right.  Also with me at counsel table is paralegal Jed
16   Tick.
17         THE COURT:  And also present?
18         MR. FROCCARO:  I'm here, as well, at your Honor's
19   direction, James Froccaro, request to be formally relieved as
20   Mr. Marmilev's counsel.
21         THE COURT:  Thank you.
22         I received a stipulation and proposed order on
23   August 5th from Mr. Ginsberg, reflecting the desire to have Mr.
24   Marmilev change counsel.  These are retained counsel.  And
25   thank you very much, Mr. Froccaro, for appearing here.  But,

1    you can't be relieved without permission of the Court, and new
2    counsel can't come in without filing a notice of appearance
3    appropriately.
4            So, we don't have a trial date yet in this case, so
5    the substitution of counsel doesn't involve as much of the
6    inquiry as I might otherwise be making.
7            But, I want to make sure that there is a smooth
8    transition here, and that any discovery materials and
9    conversations that have occurred with the government and with
10   your client are appropriately conveyed to incoming counsel.
11           Has that happened Mr. Froccaro?
12           MR. FROCCARO:  It has, your Honor.
13           THE COURT:  And with that statement, I approve your
14   application to be relieved, and I accept the notice of
15   appearance.  I don't know if you filed that yet, Mr. Ginsberg,
16   have you?
17           MR. GINSBERG:  Yes.  Several months ago, your Honor.
18           THE COURT:  Okay.  Well, Mr. Ginsberg, good, let me
19   just reassert that you cannot come into this case without
20   approval of the Court.
21           MR. GINSBERG:  I understand, your Honor, but I --
22           THE COURT:  Should you, in turn, someday learn that
23   your client wishes to retain a new attorney -- because you may
24   be the third, I'm not sure -- you're the second.
25           MR. GINSBERG:  I believe I'm the second.

1          MR. FROCCARO:  He is the third, your Honor.
2          MR. GINSBERG:  The third.  I stand corrected.
3          Thank you, your Honor.
4          THE COURT:  Okay.  Should there be a fourth, please
5   let your replacement counsel know that the application must be
6   made to this Court, and I will have an appearance promptly
7   scheduled so the application can be made.
8          MR. GINSBERG:  Thank you, your Honor.
9          THE COURT:  Yes.
10          MR. FROCCARO:  May I leave, Judge?
11          THE COURT:  Yes, you may.
12          MR. FROCCARO:  Thank you, Judge.
13          (Mr. Froccaro not present)
14          THE COURT:  I'll take a report from the government.
15          MR. GOLDSTEIN:  Yes, your Honor, thank you.
16          At the last conference, we let the Court know that
17   discovery in this case was going to be particularly, perhaps
18   even uniquely, voluminous and complicated, given that the scope
19   of the operation of the defendant company and the individuals
20   who were charged spanned the globe.  And we had conducted
21   searches in numerous countries around the world.  And were
22   still at that point, and are still at this point in the process
23   of receiving materials from various countries.
24          In June, we produced to the defendants the materials
25   that were in the government's possession at the time of the

1   indictment.  And that was approximately four terabytes of
2   material, for what that numbers is worth to the Court.  But it
3   was a very large volume of material that was in our possession
4   at the time of the indictment.
5            On the date of their of the arrests of these two
6   defendants, and arrests that took place in other countries, the
7   government also conducted searches that were under our
8   direction here in New York, as well as searches that were
9   conducted by foreign countries.
10           We received from Mr. Marmilev's new counsel, and we've
11  also received from Mr. Flood, drives to provide the additional
12  material that we obtained at the time of the arrests or the
13  date of the arrests, and the searches that were done at that
14  point.  That is an additional 12 terabytes of material that the
15  defendants had not yet seen.
16           One other point to note is the government is trying
17  its best to facilitate this review of these materials.  We
18  provided detailed indices of what we are producing.  We have
19  also provided and arranged to have a laptop available at the
20  MCC with hard drives so that the materials can be available to
21  the defendants at the MCC.
22           We still do not actually have all of the materials
23  that we expect to be receiving from foreign countries.  We
24  don't have all of those materials in our possession.  We
25  recently received a huge volume of materials from Costa Rica.

1   We have not -- we have begun to process those materials.  A lot
2   of that is electronic servers from Liberty Reserve, electronic
3   hard drives taken from offices and residences in Costa Rica.
4   We expect to be able to give access to those materials to the
5   defendants shortly, and to give it in a form that is usable as
6   soon as we can.  And we are also, we have not even received in
7   our possession materials from the Netherlands, from
8   Switzerland, from Australia and elsewhere.  In light of all of
9   that, and in speaking with defense counsel, I know that while
10  the Court generally prefers to set a trial date at this stage
11  of the proceedings, I know that defense counsel had asked us if
12  we would agree with them to give them an additional 60 days to
13  review what they have and to, you know, to go through the
14  status of the outstanding discovery, to see at that point if
15  they can make a decision about when they would like a trial to
16  go forward.
17          The government has prepared, and would be prepared to
18  have, a trial date set now, if that's the Court's preference.
19  But we're very sympathetic, given the complexity of the case
20  and the volume of the discovery and the fact that it is in
21  forms actually not that easy to review, we are sympathetic to
22  defense counsel's request for some additional time.
23          THE COURT:  What is the status with respect to
24  extradition with respect that you can share that in a public
25  forum.

1          MR. GOLDSTEIN:  There are pending extradition
2     requests, but we have checked in with the countries with which
3     those requests are pending, and there is no update to be
4     provided other than that the proceedings are going forward.
5     But we have no estimate or guarantee as to timing.
6          I will say that your Honor signed a summons for the
7     company Liberty Reserve.  And the government attempted, and
8     believes it may have effectually affected service of the
9     summons by actually providing it directly to a principal of
10    Liberty Reserve in Costa Rica.  That individual and his
11    attorney purported to reject the service of the summons and
12    handed it back.  And the government has also requested, through
13    MLAT procedures, that the summons be formally served by Costa
14    Rican authority.  We have not received a response to that.  I
15    want to note the summons did require the appearance of Liberty
16    Reserve at today's conference.  At this time, and as far as I'm
17    aware, there is no representative of Liberty Reserve here to
18    make an appearance.
19         THE COURT:  Is there any representative of Liberty
20    Reserve in the courtroom for today's conference?
21         The record should reflect that no one indicated a
22    presence.
23         MR. GOLDSTEIN:  Thank you, your Honor.
24         So the bottom line is, Mr. Goldstein, and thank you
25    for this report, is that your preference, and you understand

1   the preference of the defendants, would be to set another
2   conference date two to three months from now, at which time we
3   would look at the status of discovery, defendant both in terms
4   of production and an opportunity to the defendants to
5   meaningfully review it, and also, at that time, we'd have a
6   better understanding, or may, of the status of the extradition
7   processes against other defendants.
8           Do I understand you correctly, Mr. Goldstein?
9           MR. GOLDSTEIN:  That's correct, your Honor.
10          THE COURT:  So what I'm thinking of doing, and I want
11  to hear from defense counsel -- I'll give both of them an
12  opportunity to indicate anything they would like on the
13  record -- is I'm thinking of scheduling a conference in early
14  November before Thanksgiving week.  And, using that as a status
15  conference, to assess where we stand at that time.
16          Mr. Flood?
17          MR. FLOOD:  Thank you, your Honor.  I think that is
18  entirely appropriate.  And for the reasons set forth in the
19  record already and, simply on behalf of Mr. Katz' ability to
20  review the many terabytes of information when our office has
21  actually lost 50 percent of our IT staff in the last week from
22  layoffs.  We're not in a position to move as quickly as we
23  would like.  But the schedule the Court proposes, we think, is
24  frankly exactly what we would have asked if given an
25  opportunity before your Honor indicated.

1            THE COURT:  So, Mr. Flood, let me comment on that
2    issue.
3            I'm very pleased that Mr. Katz is able to have, as
4    assigned counsel here, the Federal Defender's Office and you,
5    personally.  There is no one who could better represent him.
6    If the country's budgetary crisis is making it difficult for
7    you to have the kind of support with respect to review of
8    electronic material that you need, you should feel free to make
9    an appropriate application to me.
10           MR. FLOOD:  Thank you, your Honor, I appreciate that
11   offer very much.
12           THE COURT:  So, Mr. Ginsberg, anything you would like
13   to say?
14           MR. GINSBERG:  Yes.  Thank you, your Honor.
15           I also agree with the schedule the Court's proposed.
16   I would like to indicate on the record that I particularly
17   appreciate the schedule because, it will give us an opportunity
18   to determine what the appropriate schedule going forward should
19   be.  Because as it stands now, the government has provided, as
20   it's indicated, four terabytes of information.  That is a
21   phenomenal amount of information.
22           I have provided to the Court and to the government, a
23   four-page table that summarizes some of the technical issues
24   that we have had in accessing the information to date.  Some of
25   the files on the discovery that we have been provided are so

1    large that they take literally 24 hours just to open.  So at
2    this point there is a tension between my client's right to a
3    speedy trial and the need to effectively review the discovery
4    in order to provide effective assistance of counsel.  And it is
5    for that reason that we would have, had the government not done
6    it for us, requested an opportunity to review the discovery --
7    and an additional time to review the discovery, excuse me, in
8    order to determine how best to strike that balance.  Because we
9    don't want to have a trial date that is excessively far in the
10   future, and nor do we want to have a trial that is premature.
11           So for those reasons, we appreciate the Court's
12   accommodation.  And I would note for the record that, as Mr.
13   Goldstein indicated, the government has been working with us
14   and has been very helpful in facilitating our review of the
15   discovery, helping us work through the technical issues, as
16   well as, you know, informally so to speak providing us with
17   what otherwise might be in a bill of particulars by guiding us
18   to things that are the most useful in ascertaining how to
19   proceed in this case.
20           THE COURT:  Thank you very much for that useful
21   information.
22           Mr. Ginsberg, I'm going to ask my deputy to return
23   that chart to you.
24           Obviously, as you know, if there are issues with
25   respect to discovery, the parties are expected to discuss those

1  informally with each other, and try to resolve them in good
2  faith before bringing any dispute to the Court's attention.
3  And I appreciate understanding that that process is working
4  well as of now.  If at any time anyone is frustrated with the
5  process, I know you will not hesitate to bring it to my
6  attention.
7           MR. GINSBERG:  We certainly will not, your Honor.
8           And the reason that, just for clarification, that I
9  provided the hand-up that I did, was just so that if the Court
10 were interested, it could get a sense of the process and the
11 difficulties involved.  But not in any way to point the finger.
12 The government has been helpful.
13          THE COURT:  Good, good, good.
14          So Ms. Rojas, please give us an adjourned conference
15 date in November.
16          THE DEPUTY CLERK:  November 15th, at 10:30 a.m.
17          MR. GINSBERG:  Would it be possible to do it the week
18 before?  I'm going to be on trial before Judge Koeltl on that
19 day.
20          THE DEPUTY CLERK:  Certainly, counsel.  Friday
21 November 8th, at 3:00 p.m.
22          MR. GINSBERG:  Thank you.
23          THE COURT:  Any objection to excluding time to our new
24 conference date of November 8 for all of the reasons stated on
25 the record already?

1     MR. FLOOD:  Not on behalf of Mr. Katz, your Honor.
2     MR. GOLDSTEIN:  No objection, your Honor.
3     THE COURT:  I'm going to exclude the time pursuant to
4  Title 18, United States Code Section 3161 (h)(7)(A), finding
5  the exclusion to be in the interests of justice and to outweigh
6  the best interests of the defendants and the public in a speedy
7  trial.
8     Obviously, as described in detail by all counsel,
9  there has been an ongoing process here -- we're in the midst of
10 it, or perhaps even at the beginning of it -- of a production
11 of a massive amount of electronic data.  We're still waiting
12 for extradition of co-defendants.  It would be premature to set
13 a trial date.  And I have a joint application by one and all
14 for further time.
15    So we'll meet again in November and assess where we
16 are at that time.
17    Thank you all, counsel.
18    ALL:  Thank you, your Honor.
19    THE DEPUTY CLERK:  All rise.
20    (Adjourned)