```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA             :
                                     :
          - v. -                     :   POST-INDICTMENT
                                     :   RESTRAINING ORDER PURSUANT
LIBERTY RESERVE S.A.,                :   TO 21 U.S.C. § 853(e)
ARTHUR BUDOVSKY,                     :
   a/k/a "Arthur Belanchuk,"         :
   a/k/a "Eric Paltz,"               :   13 Cr. 368 (DLC)
VLADIMIR KATS,                       :
   a/k/a "Ragnar,"                   :
AHMED YASSINE ABDELGHANI,            :
   a/k/a "Alex,"                     :
ALLAN ESTEBAN HIDALGO JIMENEZ,       :
   a/k/a "Allan Garcia,"             :
AZZEDDINE EL AMINE,                  :
MARK MARMILEV,                       :
   a/k/a "Marko,"                    :
   a/k/a "Mark Halls," and           :
MAXIM CHUKHAREV,                     :
                                     :
          Defendants.                :
                                     :
- - - - - - - - - - - - - - - - - - x
```



3/4/2015

WHEREAS, on May 20, 2013, LIBERTY RESERVE, ARTHUR BUDOVSKY, a/k/a "Arthur Belanchuk," a/k/a "Eric Paltz," VLADIMIR KATS, a/k/a "Ragnar," AHMED YASSINE ABDELGHANI, a/k/a "Alex," ALLAN ESTEBAN HIDALGO JIMENEZ, a/k/a "Allan Garcia," AZZEDDINE EL AMINE, MARK MARMILEV, a/k/a "Marko," and MAXIM CHUKHAREV, (the "Defendants"), were charged in a three-count Indictment, 13 Cr. 368 (DLC) (the "Indictment"), with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); (Count One); conspiracy to operate an unlicensed money transmitting

business, in violation of 18 U.S.C. § 371 (Count 2); and operation of an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960 and 2 (Count Three);

**WHEREAS**, the Indictment included forfeiture allegations providing notice that, as a result of committing Counts One and Three as alleged in the Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the offenses alleged in Counts One and Three, and all property traceable thereto;

**WHEREAS**, on or about December 15, 2014, the United States filed an Amended Forfeiture Bill of Particulars that gave notice that the following properties were subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1): .

    a.    **Vesting 124, 2141 MD, Vijfhuizen, Netherlands**, cadastral municipality of Haarlemmermeer, section AC, complex designation 1359 A, apartment index 51 constituting the one hundred twenty-three / seven thousand six hundred fifty-eighth (123 / 7,658$^{ste}$) undivided share in the community, consisting of the building called "Vesting 5Huizen" the foundation with sixty-six (66) houses, thirty-nine (39) storage units, and eighty (80) parking spaces, at the time of the division into condos, known in the registry as Haarlemmermeer, section AC, number 1356, measuring thirty-two thousand and eleven square meters (3,211 square meters);

    b.    **Vesting 78, 2141 MD, Vijfhuizen, Netherlands**, cadastral municipality of HAARLEMMERMEER, section

AC, number 1359 A-76, to constitute condo ownership, giving right to the exclusive use of the dwelling with balcony located on the first floor of the aforementioned building, constituting sixty-one / seven thousand six hundred and fifty-eight ($61 / 7,658^{ste}$) undivided share in the community and the condo, giving right to the exclusive use of the parking area belonging to the condo described above and located in the basement of the mentioned building, cadastral municipality HAARLEMMERMEER section AC No. 1359 A -76, constituting twenty-three / seven thousand six hundred and fifty-eight ($23 / 7,658^{ste}$) undivided share in the above-described community consisting of sixty-six homes, thirty-nine storage spaces, and eighty parking spaces at the time of the split known in the registry as HAARLEMMERMEER, AC section, number 1356, measuring 3,211 square meters;

c. **Property # 1-326288-000 located in Costa Rica, San Jose, Escazu,** San Rafael, Bello Horizonte up, 200 meters south of the tanks of the AYA, judicial certificate 3-101-448089;

d. **Property # 1-228682-000 located in Costa Rica, San Jose, Escazu,** San Rafael, 150 meters North of the sub-station of the ICE, corner house on the right hand side, with wall grey, with brown stone, with brown grating, legal ID 3-101-482413;

e. **Property # 1-518488-000 located in Costa Rica San Jose, Escazu,** San Rafael, 150 meters north of the sub-station of the ICE, 15 meters to the West, is located adjacent to the dwelling of Grupo Santillana Yamural, is on behalf of 3-102-618923 limited liability company;

f. **Property  # 1-225782-000 located in Costa Rica San Jose, Escazu,** San Rafael, 150 meters north of the sub-station of the ICE, 125 meters west, lot on the left, which is in the name of Ufta Deda S.A. legal ID 3-101-435126;

g. **Property ## 1-605546-000/1-605547-000/1-605548-000 located in San Jose, Escazu,** San Rafael, 150

        meters north of the sub-station of the ICE, which are on behalf of 3-102-575822 limited liability company. It consists of three lots together; and,

    h.    **Property # 1-403624-000 located in Costa Rica San Jose, Santa Ana,** 100 meters west of the Restribo Restaurant, 150 meters South, which is on behalf of Corporation Lubamyra Love S.A. 3-101-506508 legal identity;

(collectively, the "Subject Properties");

**WHEREAS**, pursuant to 21 U.S.C. § 853(e)(1)(A), the court may enter a restraining order or take any other action to preserve the availability of property for forfeiture, upon the filing of an indictment charging a violation for which criminal forfeiture may be ordered and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture;

**WHEREAS**, upon the sealed application of M. KENDALL DAY, Acting Chief for the Asset Forfeiture and Money Laundering Section, Criminal Division, Department of Justice, by Kevin Mosley, Trial Attorney, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21 United States Code, Section 853(e)(1)(a) (the "Application"); the declaration of Special Agent Jeremy Haynie of the United States Internal Revenue Service (the "Haynie Declaration"); and all papers submitted in support thereof, I find probable cause to believe the Subject Properties constitute or were derived from property involved in

one or more of the offenses alleged in the Indictment, and are subject to forfeiture;

**IT IS HEREBY ORDERED**, that the Defendants, and all attorneys and other persons and entities acting for or in concert with the Defendants, businesses and/or entities having actual knowledge of this Order shall not take any action prohibited by this Order;

**IT IS FURTHER ORDERED** that the Defendants, their attorneys, agents, employees, and anyone acting on their behalf and all persons or entities acting in concert or participation with any of the above, all relevant financial institutions, and all persons and entities having actual knowledge of this Order, shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner, or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of property or other interests belonging to, or owed to, or controlled in whole or in part by the defendants, which property or other interests are subject to forfeiture.  The property and other interests hereby restrained include, but are not limited to, the Subject Properties, for which there is probable cause to believe that

they are property that is involved in money laundering or operation of an unlicensed money transmitting business, or traceable to such property;

**IT IS FURTHER ORDERED** that this Restraining Order shall be binding upon the Defendants, their attorneys, agents, and employees, and all persons in active concert or participation with any of the above or any other person having actual knowledge of this Order, and that this Order shall remain in effect until further order of this Court;

**IT IS FURTHER ORDERED** that service of a copy of this Order shall be made on the Defendants' attorneys by regular mail;

**IT IS HEREBY FINALLY ORDERED** that the Application and the Declaration of Special Agent Jeremy Haynie remain under seal until further order of this Court, except that the Department of Justice, including the United States Attorney's Office for the Southern District of New York, may obtain and disseminate copies of the Application and the Declaration as necessary to execute this Order.

Dated:   New York, New York
         March 3, 2015

                                          SO ORDERED

                                          _____
                                          HONORABLE DENISE L. COTE
                                          UNITED STATES DISTRICT JUDGE
                                          SOUTHERN DISTRICT OF NEW YORK